IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

**BRENDA ANDERSON, AMY BRIDGES,**                           **PLAINTIFFS**
**ANDREA DALY, DAVID FARR, DANIELLE GASTON,**
**AMANDA GETSKOW, JOSLIN GUTZKE,**
**CODY HALBROOK, CANDACE HARVEY,**
**JENNIFER HERMANNS, ELLEN LEJEUNE,**
**MICHAEL MARTINEZ, JENNIFER MATTHEWS,**
**JESSICA McCASLAND, KHRISTEN SALAZAR,**
**DAVID SCHNEIDER, JAMES TALMADGE,**
**JOSEPH TRUJILLO and CHYRISE BAY as Executor**
**for the Estate of PAUL VOIT**

vs.                      Case No. 1:14-cv-2642

**WALGREEN CO., d/b/a WALGREENS**                        **DEFENDANT**

## ORIGINAL COMPLAINT

COME NOW the above named Plaintiffs, by and through their counsel Josh Sanford of Sanford Law Firm, PLLC, and for their Original Complaint against Defendant Walgreen Co., d/b/a Walgreens ("Defendant"), do hereby state and allege as follows:

### I. PRELIMINARY STATEMENTS

1. Plaintiffs bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorneys' fees as a result of Defendant's failure to pay Plaintiffs overtime compensation for the hours that Plaintiffs worked off the clock for each single workweek.

2. Each Plaintiff filed a "Consent to Join" in a collective action that was conditionally certified and then decertified in the United States District Court for the Western District of Arkansas, Kunio Teramura, et al. v. Walgreen Co., 5:12-cv-5244-JLH ("Teramura").

3. The Teramura court tolled the Plaintiffs' statute of limitations until September 30, 2014, allowing Plaintiffs time to file a new lawsuit in their own state.

## II. JURISDICTION AND VENUE

4. The United States District Court for the District of Colorado has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. Defendant conducts business within the State of Colorado, operating retail stores that sell merchandise in consumer goods categories such as pharmacy, health and hygiene, beauty and cosmetics, grocery, vitamins and supplements, and other consumer goods categories.

6. Defendant has purposely availed itself of demand for consumer goods within the physical and political boundaries of the State of Colorado.

7. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1), (c), because the State of Colorado has personal jurisdiction over Defendant, and Defendant therefore "resides" in Colorado.

## III. THE PARTIES

8. Brenda Anderson, Amy Bridges, Andrea Daly, David Farr, Danielle Gaston, Amanda Getskow, Joslin Gutzke, Cody Halbrook, Candace Harvey,

Jennifer Hermanns, Ellen Lejeune, Michael Martinez, Jennifer Matthews, Jessica Mccasland, Khristen Salazar, David Schneider, James Talmadge, Joseph Trujillo and Paul Voit ("Plaintiffs") are individuals who worked for Defendant as Executive Assistant Managers ("EXAs") in Colorado within the three years preceding the filing of their Consent to Join in Teramura.

9.  Defendant Walgreens is a foreign for-profit corporation registered to conduct business in the State of Colorado.

10. Defendant is a national retailer of "pharmacy, health and wellness solutions, and consumer goods and services," employing over 240,000 people and operating approximately 8,000 stores across the country.[1]

11. The approximately 8,000 stores owned or operated by or doing business as Defendant exist for the common business purpose of retailing pharmacy, health and wellness solutions, and consumer goods and services.

12. Defendant has employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, including specifically pharmacy, health and wellness, and consumer goods.

13. Defendant's annual gross volume of sales is not less than $500,000.00.

14. Defendant's registered agent for service of process for the State of Colorado is the Prentice-Hall Corporation System, 1560 Broadway, Suite 2090, Denver, Colorado 80202.

---

[1] *Store Count by State*, WALGREENS.COM (last visited Oct. 10, 2012). http://walgreens2009.tekgroupweb.com/article_display.cfm?article_id=1044; *Company Info*, WALGREENS.COM (last visited Oct. 10, 2012), ("Q: How many employees work for Walgreen Co.? A: The Walgreen Company employs over 240,000 people . . . .") http://www.walgreens.com/topic/help/companyhelp/company_help_main.jsp#WalgreensCompany

## IV.     FACTUAL ALLEGATIONS

15.   Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

16.   At all times relevant to this action, Defendant suffered or permitted Plaintiffs, as EXAs, to unload merchandise from inventory supply trucks, stock merchandise onto the shelves, face or straighten the merchandise on the shelves, complete various tasks and instructions from the store manager, erect seasonal promotional displays, and perform other hourly-type jobs, including, but not limited to, running cash register, operating the photo booth, and working in pharmacy as needed.

17.   Plaintiffs, as EXAs, are or were required by Defendant to be scheduled for a minimum of forty-four (44) hours per week each week.

18.   Despite the scheduled hours, Plaintiffs very commonly work or worked more than the required forty-four (44) hours per week.

19.   Defendant has not compensated Plaintiffs with one and one-half times their regular rate for hours worked over forty (40) each week.

20.   While working as EXAs for Defendant, Plaintiffs spent a majority of their time during each week unloading merchandise from inventory supply trucks, stocking merchandise onto the shelves, facing or straightening the merchandise on the shelves, completing various tasks and instructions from the store manager, erecting seasonal promotional displays, and performing other hourly-type jobs, including, but not limited to, running cash register, operating the photo booth, and working in pharmacy as needed.

21.   Plaintiffs, as EXAs, report or reported to a Store Manager who was in charge of the store.

## V.   LEGAL ALLEGATIONS

22.   Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

23.   29 U.S.C. § 207 requires employers subject to the FLSA to pay employees one and one half times their respective regular rates for all hours worked over forty (40) hours in a week.

24.   Defendant failed to pay Plaintiffs an overtime rate of one and one-half times their respective regular rates of pay for their respective hours worked over forty (40) in each one-week period.

25.   Based on the foregoing, each Plaintiff seeks unpaid overtime wages at the required legal rate for all of their hours worked over forty in each week during the relevant time period, liquidated damages, prejudgment interest, attorneys' fees and litigation costs and all other costs and penalties allowed by law.

## VI.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs respectfully pray as follows:

A.   That Defendant be summoned to appear and answer herein;

B.   For an order entering judgment in Plaintiffs' favor against Defendant Walgreen Co., for overtime wages lost in an amount to be determined at trial;

D.	For liquidated damages;

E.	For their attorneys' fees, costs, pre-judgment interest; and

F.	For such other and further relief as this Court deems necessary, just and proper.

        Respectfully submitted,

**BRENDA ANDERSON, AMY BRIDGES,
ANDREA DALY, DAVID FARR,
DANIELLE GASTON, AMANDA GETSKOW,
JOSLIN GUTZKE, CODY HALBROOK,
CANDACE HARVEY,
JENNIFER HERMANNS, ELLEN LEJEUNE,
MICHAEL MARTINEZ,
JENNIFER MATTHEWS,
JESSICA McCASLAND,
KHRISTEN SALAZAR, DAVID SCHNEIDER,
JAMES TALMADGE, JOSEPH TRUJILLO
and CHYRISE BAY as Executor for the
Estate of PAUL VOIT, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

By: _____
Josh Sanford
Col. Bar No. 44358
josh@sanfordlawfirm.com