**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Raymond P. Moore**

Civil Action No. 14-cv-02642-RM-MJW

BRENDA ANDERSON,
AMY BRIDGES,
ANDREA DALY,
DAVID FARR,
DANIELLE GASTON,
AMANDA GETSKOW,
JOSLIN GUTZKE,
CANDACE HARVEY,
JENNIFER HERMANNS,
ELLEN LEJEUNE,
MICHAEL MARTINEZ,
JENNIFER MATTHEWS,
JESSICA MCCASLAND,
KHRISTEN SALAZAR,
DAVID SCHNEIDER,
JAMES TALMADGE,
JOSEPH TRUJILLO,
CHYRISE BAY, as executor of the Estate of Paul Voit, and
LEAH GAIDE,

      Plaintiffs,

v.

WALGREEN CO., d/b/a Walgreens,

      Defendant.

---

**ORDER**

---

This matter is before the Court on the parties' (1) "joint motion for the Court's approval of their settlement agreement under the Fair Labor Standards Act ('FSLA')[, 29 U.S.C. § 201 *et seq*.,] and for dismissal of this lawsuit with prejudice" ("Motion for Settlement Approval") (ECF

No. 25); and (2) "Joint Motion to file the Parties' Confidential Settlement Agreement under Seal under a Level 1 Restriction for the Court's approval pursuant to the Fair Labor Standards Act" ("Motion to Restrict") (ECF No. 27). For the following reasons, the Court GRANTS the Motion for Settlement Approval and DENIES the Motion to Restrict.

**I.     BACKGROUND**

Plaintiffs bring this action under the FLSA against Defendant for Defendant's alleged "failure to pay Plaintiffs overtime compensation for the hours that Plaintiffs worked off the clock for each single workweek." (ECF No. 17 ¶ 2.) On August 21, 2015, the parties announced a settlement has been reached in this matter and filed a "joint motion for the Court's approval of [the parties'] settlement agreement under [the FLSA] and for dismissal of this lawsuit with prejudice." (ECF No. 25 at 1-2.) On September 2, 2015, the Court ordered the parties to file their settlement agreement in compliance with Local Civil Rule 7.2. (ECF No. 26.) On September 8, 2015, the parties filed their Motion to Restrict. (ECF No. 27 at 1-2.) On November 12, 2015, the Court ordered the parties to file a joint-supplemental brief in support of their Motion for Settlement Approval. (ECF No. 30.) On November 30, 2015, the parties submitted a joint-supplemental brief (ECF No. 33) in support of their Motion for Settlement Approval. On December 15, 2015, the Court held a fairness hearing with respect to the parties' Motion for Settlement Approval and Motion to Restrict. (ECF No. 38.) The Court ordered the parties to file a joint-status report addressing the Court's concerns with restricting the parties' settlement agreement from public access. (ECF No. 38.) On January 4, 2016, the parties filed a joint-status report requesting that the Motion to Restrict "be withdrawn." (ECF No. 39 at 1.) The parties request[1] that the Court approve the parties' settlement agreement. (ECF No. 39 at 2.)

---

[1] The parties request that the Court retain "jurisdiction for ninety days after dismissal to enforce the terms of the settlement." (ECF Nos. 25 at 6; 39 at 2.) The parties provide no support that the Court has authority to retain

2

## II. LEGAL STANDARDS

### A. Restricting the Public's Access to Documents

"'Courts have long recognized a common-law right of access to judicial records,' but this right 'is not absolute.'" *JetAway Aviation, LLC v. Bd. of Cty. Comm'rs of Cty. of Montrose, Colo.*, 754 F.3d 824, 826 (10th Cir. 2014) (quoting *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007)). Courts may exercise discretion and restrict a public's right to access judicial records if that "'right of access is outweighed by competing interests.'" *Id.* (quoting *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011)). In exercising that discretion, the court "'weigh[s] the interests of the public, which are presumptively paramount, against those advanced by the parties.'" *United States v. Dillard*, 795 F.3d 1191, 1205 (10th Cir. 2015) (quoting *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980)).

The presumption against restriction may be overcome if the party seeking to restrict access to records "articulate[s] a real and substantial interest that justifies depriving the public of access to the records that inform [the court's] decision-making process." *JetAway*, 754 F.3d at 826 (quotation marks and citation omitted); *Pine Tele. Co. v. Alcatel-Lucent USA Inc.*, 617 F. App'x 846, 852 (10th Cir. 2015) (unpublished) (showing of "significant interest" required). "[A] generalized allusion to confidential information" is insufficient. *JetAway*, 754 F.3d at 827. As is the bare reliance on the existence of a protective order pursuant to which the documents were filed. *JetAway*, 754 F.3d at 826. However, a sufficient showing to overcome the presumption may be found where the records contain trade secrets, *Alcatel-Lucent*, 617 F. App'x at 852; contain "business information that might harm a litigant's competitive standing," *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); contain information which "could harm the

---

jurisdiction subsequent to dismissing this matter. (*See generally* ECF Nos. 25; 39.) The Court finds such a request perfunctory and thus waived. *See In re Taylor*, 737 F.3d 670, 682 n.9 (10th Cir. 2013); *United States v. Berry*, 717 F.3d 823, 834 n.7 (10th Cir. 2013), *cert. denied*, 134 S. Ct. 495 (2013).

competitive interests of third parties," *Hershey v. ExxonMobil Oil Corp.*, 550 F. App'x 566, 574 (10th Cir. 2013) (unpublished); or contain private or personally identifiable information, Fed. R. Civ. P. 5.2, or otherwise invade privacy interests, *Huddleson v. City of Pueblo, Colo.*, 270 F.R.D. 635, 637 (D. Colo. 2010), such as personal medical information, *Dillard*, 795 F.3d at 1205. "[T]he question of limiting access is necessarily fact-bound, [therefore] there can be no comprehensive formula for decisionmaking." *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985) (citing *Nixon*, 435 U.S. at 599). Instead, "the decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599.

The Court's review is also guided by its local rules. Pursuant to D.C.COLO.LCivR 7.2, a motion to restrict public access to documents filed with the Court must: (1) identify the documents for which restriction is sought; (2) address the interest to be protected and why such interest outweighs the presumption of public access; (3) identify a clearly defined and serious injury that would result if access is not restricted; (4) explain why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question; and (5) identify the level of restriction sought. The Court will address each requirement in turn as to the document at issue.

  B. **FLSA Settlement Approval**

Courts have held that settlements of FLSA actions such as this one may require court approval. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982); *Baker v. Vail Resorts Mgmt. Co.*, Case No. 13-CV-01649, 2014 WL 700096, at *1 (D. Colo. Feb. 24, 2014). Approval should be granted when: (1) the FLSA settlement is reached as a result of bona fide dispute; (2) the proposed settlement is fair and equitable to all parties concerned; and

(3) the proposed settlement contains a reasonable award of attorneys' fees. *Lynn's Food Stores*, 679 F.2d at 1354; *Baker*, 2014 WL 700096 at *1.

### III.  ANALYSIS

#### A.  Motion to Restrict

For the reasons stated below, the Court denies the Motion to Restrict (ECF No. 27) and unrestricts the parties' settlement agreement (ECF No. 28).

The parties have filed a motion to file the confidential settlement agreement under seal. (ECF No. 27.)  The parties previously filed a similar motion (ECF No. 24).  The Court denied (ECF No. 26) this prior motion, without prejudice, instructing the parties to comply with Local Civil Rule 7.2.

The parties identify that they seek to file their settlement agreement (ECF No. 28) under Level 1 Restriction.  (ECF No. 27 at 2.)  The interest they seek to protect is that "confidentiality is a material term of the settlement."  (ECF No. 27 at 4.)  The parties do not engage in an analysis as to why this interest outweighs the presumption of public access.  (*See generally* ECF No. 27.)  The parties do not identify a particularized and serious injury that would result if access is not restricted.  (*See* ECF No. 27 ("*could* bias parties in the similar pending lawsuits towards actions not justified by the evidence and arguments pertinent to the claims and defenses peculiar to their own litigation") (emphasis added).)   The parties do not explain why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question. (*See generally* ECF No. 27).  Thus, the parties have failed to comply with Local Civil Rule 7.2.

Additionally, the parties request that the Court "withdraw" their Motion to Restrict. (ECF No. 39.)

### B. Motion for Settlement Approval

For the reasons stated below, the Court grants the Motion for Settlement Approval (ECF No. 25).

#### 1. Whether a Bona Fide Dispute Exists

Parties requesting approval of an FLSA settlement should provide the Court with sufficient information to determine whether a bona fide dispute exists. *Baker*, 2014 WL 700096 at *1; *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241-42 (M.D. Fla. 2010). To meet this obligation, the parties must present: (1) a description of the nature of the dispute; (2) a description of the employer's business and the type of work performed by the employees; (3) the employer's reasons for disputing the employee's right to a minimum wage or overtime; (4) the employee's justification for the disputed wages; and (5) if the parties dispute the computation of wages owed, each party's estimate of the number of hours worked and the applicable wage. *Baker*, 2014 WL 700096 at *1; *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 719-20 (E.D.La. 2008).

Defendant is a "national retailer of pharmacy, health and wellness solutions and consumer goods and services." (ECF No. 33 at 1.) Plaintiffs worked as "Executive Assistant Managers" for Defendant and were responsible for the front-end of each of Defendant's retail stores. (ECF No. 33 at 2.) Plaintiffs claim that Defendant failed to pay them overtime wages. (ECF No. 17 ¶ 42.) Defendant denies that it failed to pay Plaintiffs appropriately. (ECF No. 33 at 3.) Specifically, Defendant contends that Plaintiffs were exempt from the FLSA's overtime provision due to Plaintiff's executive and administrative positions. (ECF No. 33 at 3-4.) The parties dispute wages owed and the number of hours worked. (ECF No. 33 at 8.) Thus, a bona fide dispute exists.

2.     Whether the Settlement is Fair and Reasonable

"To be fair and reasonable, an FLSA settlement must provide adequate compensation to the employee[] and must not frustrate the FLSA policy rationales." *Baker*, 2014 WL 700096 at *2. The Court considers several factors when evaluating the fairness of a settlement: "(1) whether the parties fairly and honestly negotiated the settlement; (2) whether serious questions of law and fact exist which place the ultimate outcome of the litigation in doubt; (3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted litigation; and (4) the judgment of the parties that the settlement is fair and reasonable." *Baker*, 2014 WL 700096 at *2 (citing *Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1188 (10th Cir. 2002)).

Under the settlement agreement's terms, Defendant agrees to pay Plaintiffs $97,761.22. (ECF No. 28 at 4.) According to the parties, the settlement is fair and reasonable in light of the uncertainty regarding Plaintiffs' recovery. (ECF No. 25 at 4.) The parties engaged in arms-length negotiations with representation. (ECF No. 25 at 4.) Based on the foregoing, the Court finds that the evidence suggests the parties fairly and honestly negotiated the settlement.

The "Court must determine whether the settlement agreement undermines the purpose of the FLSA, which is to protect employees' rights from employers who generally wield superior bargaining power." *Baker*, 2014 WL 700096 at *2. To determine whether the settlement agreement complies with the FLSA, the Court evaluates the following factors: (1) the presence of other similarly situated employees; (2) a likelihood that Plaintiffs' circumstances will recur; and (3) whether Defendant had a history of non-compliance with the FLSA. *Baker*, 2014 WL 700096 at *2 (citing *Dees*, 706 F. Supp. 2d at 1244). The record shows that no other similarly situated employees have sought to join this action. (*See generally* Dkt; ECF No. 33 at 9.)

7

Defendant eliminated the position at issue. (ECF No. 33 at 9.) Therefore, the exact circumstances of this case cannot recur. No court has ever found the at-issue position misclassified under the FLSA. (ECF No. 33 at 9.)

The Court, with its ruling to unrestrict the settlement agreement (and the parties' agreement to withdraw the Motion to Restrict (ECF No. 39 at 1)), has made public the settlement agreement's terms. Although there is a confidentiality provision in the settlement agreement (ECF No. 28 at 6-7), the Court has fulfilled the FLSA's public policy by granting public access to the settlement agreement (ECF No. 28). *See Baker*, 2014 WL 700096 at *2 (citing *Dees*, 706 F. Supp. 2d at 1244-45 (noting the importance of public access to settlement agreements in FLSA cases)).

Therefore, the parties' settlement agreement (ECF No. 28) is fair and reasonable.

### 3. Attorneys' Fees

The Court must consider whether the employee's FLSA claim "will be compromised by the deduction of attorney's fees, costs or expenses pursuant to a contract between the [P]laintiffs and [their] counsel, or otherwise." *Dorismond v. Wyndham Vacation Ownership, Inc.*, Case No. 14-CV-63, 2014 WL 2861483, at *2 (M.D. Fla. June 24, 2014) (internal citation omitted). The parties represent that Plaintiffs' recovery is addressed independently of attorneys' fees and that "Plaintiff's counsel is not seeking any portion of the settlement sum...." (ECF No. 28 at 5.)

Based on the representation of the parties' counsel, the Court finds that Plaintiffs' FLSA claim will not be compromised by the deduction of attorney's fees, costs, or expenses.

## IV. CONCLUSION

Based on the foregoing, the Court:

(1) DENIES the Motion to Restrict (ECF No. 27);

(2)     UNRESTRICTS the parties' settlement agreement (ECF No. 28);

(3)     GRANTS the Motion for Settlement Approval (ECF No. 25);

(4)     DISMISSES WITH PREJUDICE the Amended Complaint (ECF No. 17) pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure; and

(5)     CLOSES the matter.

DATED this 7th day of January, 2016.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge